UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DONALD CARNEY,

                               Plaintiff,

        vs.

                                            9:08-CV-1251

MICHAEL F. HOGAN, Commissioner, NYS      (DNH/ATB)
Office of Mental Health; DONALD SAWYER,    (lead case)
Executive Director, CNYPC,

                            Defendants.

_____

DONALD CARNEY,

                               Plaintiff,

        vs.

                                            9:08-CV-1280

MICHAEL F. HOGAN, Commissioner, NYS      (DNH/ATB)
Office of Mental Health; DONALD SAWYER,  (member case)
Executive Director, CNYPC; TERRI
MAXYMILLIAN, Director, Sex Offender
Treatment Program; VALERIE COLASANTE,
Psychologist Assistant,

                            Defendants.

_____

DONALD CARNEY, Plaintiff *Pro Se*
AARON M. BALDWIN, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

     This matter was referred to Magistrate Judge Gustave J. Di Bianco for Report

and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y.

72.3(c).  Upon Magistrate Judge Di Bianco's retirement on January 4, 2010, the case

was referred to me by the Honorable Norman A. Mordue, Chief United States District

Judge. (Dkt. No. 20).

Plaintiff filed two complaints in separate cases pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the Sex Offender Treatment Program ("SOTP") administered at the Central New York Psychiatric Center ("CNYPC") by the New York State Office of Mental Health ("OMH").  Magistrate Judge Di Bianco issued an order on December 10, 2008, consolidating the cases.  (Dkt. No. 5).  Plaintiff alleges that the SOTP violates the United States Constitution in four ways: (1) the SOTP violates plaintiff's First Amendment right to abstain from religious practices; (2) the SOTP violates plaintiff's Fifth Amendment right against self-incrimination through use of a penile plethysmograph[1] ("PPG") examination; (3) the SOTP violates plaintiff's Fifth Amendment right against self-incrimination by requiring a polygraph examination; and (4) the SOTP violates plaintiff's Fifth Amendment right against self-incrimination by requiring him to complete an "autobiography" and a "sexual offense history" that includes uncharged crimes or dismissed charges.[2]  Plaintiff seeks injunctive relief and monetary damages.

Defendants move to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).  (Dkt. No. 15). Plaintiff responded in opposition to defendants' motion, and defendants filed a reply.

---

[1] A plethysmograph is an "instrument for measuring variations in the size of an organ or body part on the basis of the amount of blood passing through or present in the part." WEBSTER'S II NEW COLLEGE DICTIONARY 847 (Margery S. Berube et al. eds., 1995.).

[2] Plaintiff's complaint filed in the lead case (08-CV-1251) ("Lead Complaint") relates to claims (1) through (3) and plaintiff's complaint filed in the member case (08-CV-1280) ("Member Complaint") relates to claim (4).

(Dkt. Nos. 16, 18).  For the following reasons, this court will recommend that defendants' motion be granted in part and denied in part.

## DISCUSSION

I.    **Facts**

Plaintiff was placed under civil confinement at CNYPC on July 11, 2008. (Lead Compl. at 2).[3]  As part of his treatment regimen, plaintiff has been enrolled in the SOTP, which he alleges incorporates components that violate his constitutional rights.  In particular, plaintiff has been directed to complete an "autobiography" and a "sexual offense history."  (Member Compl. at 4, 9).  Plaintiff alleges that his autobiography and sexual offense history are to include "uncharged crimes and/or charges that were dismissed."  (Member Compl. at 4).  Plaintiff further alleges that defendant Colasante issued an order to photocopy plaintiff's autobiography bi-weekly for placement in his file "for the New York State Attorney General's review to be used as evidence" to further civilly confine plaintiff.  (Member Compl. at 4).  Because plaintiff refused to have his autobiography photocopied, he was apparently removed from the "autobiography group" and told that he could not progress toward his release until he allowed the photocopying.  (Member Compl. at 4).

Plaintiff, a Native American, also complains about specific components of "all program phases," which he alleges subject him to religious practices and rituals based

---

[3] Citations to the Lead Complaint (08-CV-1251) will be cited as "Lead Compl." and a page number.  Plaintiff did not number his paragraphs or pages, so the court will number the pages beginning with the first page of the Lead Complaint as page 1.  Citations to the Member Complaint (08-CV-1280) will be cited as "Member Compl." and paginated in a like manner.

on "Zen Buddhism and Christianity." (Lead Compl. at 2–3).  Plaintiff claims that the "Good Lives Model and Boundaries Programs" are unconstitutional because they "teach that you have to believe in something devoted [sic] as spirituality . . . [and] . . . teach the rituals and practices of Buddhism." (Lead Compl. at 3).  In addition, plaintiff alleges that "From the Inside [O]ut[:] Growing up Male, problem [s]olving anger management programs are all Hazeldon products which incorporate Christian beliefs and practices," and violate his constitutional rights.  (Lead Compl. at 3).

Finally, plaintiff alleges that he is being coerced to submit to a PPG and polygraph examination, and a new "contract" has changed the two exams from "therapy tools" to "investigate [sic] tools" to obtain information to keep plaintiff civilly confined. (Lead Compl. at 4).  Plaintiff again alleges coercion because his advancement in the program is dependent on his compliance with the two examinations.  (Lead Compl. at 4).

## II.    Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (citation omitted).  Plaintiff's factual allegations must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds

upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). The court must heed its particular obligation to treat *pro se* pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)). Here, plaintiff attached what appear to be three separate documents to the Member Complaint. The first document, entitled "Sex Offender Treatment Program Model," is a bulleted list of criteria for Phases I–III. (Member Compl. at 8). The second document is entitled "Phase Goals" and describes specific assignments for Phases I and II. (Member Compl. at 9). The Phase Goals document appears to be the first page of a multi-page document, because it does not describe assignments for Phase III. The third document is a collection of materials all related to the autobiography component of the SOTP. (Member Compl. at 10–29).

Plaintiff attached nothing to the Lead Complaint, but names specific components of the SOTP, including Dialectical Behavior Therapy ("DBT") and the "Advancement to SOTP Phase II–IV Consent to Participate in Treatment."

Defendants have attached these documents to their motion.[4]  (Defs.' Mot. to Dismiss,

App. B, Exs. B, D and E; *see also* Defs.' Mot. to Dismiss at 3).  Because these

documents are integral to the complaint and were relied upon by plaintiff in drafting

his complaint, the court will consider them in its analysis of defendants' motion.[5]

## III.   First Amendment Claim

The Establishment and Free Exercise Clauses of the First Amendment, made

applicable to state action by the Fourteenth Amendment, provide that "Congress shall

make no law respecting an establishment of religion, or prohibiting the free exercise

thereof . . . ."  U.S. CONST. amend. I.  In order to establish a violation of the Free

Exercise Clause, a plaintiff must show "direct government compulsion."  *Engel v.

Vitale*, 370 U.S. 421, 430 (1962).  In addition, a court should sustain a Free Exercise

claim "only if the 'government has placed a substantial burden on the observation of a

central religious belief'" that is not otherwise justified by a compelling state interest.

*Skoros v. City of New York*, 437 F.3d 1, 39 (2d Cir. 2006) (quoting *Jimmy Swaggart

Ministries v. Bd. of Equalization*, 493 U.S. 378, 384–85 (1990)).  The Establishment

Clause, by comparison, "prohibits government from officially preferring one religious

denomination over another."  *Id.* at 38–39.

In this case, plaintiff alleges that the SOTP requires his participation in faith-

---

[4] The defendants also state that these documents were filed in support of a motion to dismiss an identical section 1983 case, decided in the Northern District of New York.  *See Pratt v. Hogan*, 6:08-CV-1003 (DNH/DEP).

[5] In the case of a motion to dismiss involving a *pro se* plaintiff, the court may look beyond the complaint to plaintiff's opposition papers.  *See Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (citation omitted).

based programs as a condition of his release from civil confinement.  (Lead Compl. at

3).  Further, plaintiff claims that this participation violates his "right to believe or not

as [his] conscience dictates."  *Id*.  Defendants argue that plaintiff has failed to state a

cognizable claim under the First Amendment because he has failed to set forth any

facts concerning the beliefs or practices of his religion and explained why the

defendants' program would violate those beliefs.  (Defs.' Mem. of Law at 18–19).

        In *Decker v. Hogan*, Senior District Judge McAvoy rejected a similar argument

made by defendants in a case in which the plaintiff was challenging the SOTP because

he was an atheist.  *See Decker v. Hogan*, No. 9:09-CV-0239, 2009 U.S. Dist. LEXIS

89048, at *8-9; 2009 WL 3165830 (N.D.N.Y. Sept. 28, 2009) (McAvoy, S.J.).

Defendants argued, *inter alia*, that there was no proof of governmental compulsion

impacting upon the plaintiff's atheistic beliefs.  *Id.*  Senior Judge McAvoy found that

the court could not make such a determination on a motion to dismiss because

plaintiff's factual allegations must be accepted as true, and plaintiff was alleging that

the defendants' program was subjecting him to religious practices based upon Zen

Buddhism and Christianity, and that this was forcing plaintiff to engage in practices

that were contrary to his atheistic beliefs.  *Id.* at *9–10.

        In this case, plaintiff has identified himself as a "Native American."  Although

he has not stated a specific "religion," in affording the *pro se* plaintiff the utmost

liberality, the court will assume that his status as a Native American encompasses

particular religious beliefs.  This plaintiff, like the plaintiff in *Decker*, claims that

components of the SOTP subject him to religious tenets that are contrary to his general

religious beliefs.  Based on *Decker*, Plaintiff Carney has successfully stated a

plausible First Amendment Claim, sufficient to withstand defendants' motion to

dismiss.  As Senior Judge McAvoy stated in *Decker*, it may later become clear on a

motion for summary judgment, or at some later stage of the proceedings, that

plaintiff's claims are not adequately supported.  However, at this stage, the court must

accept plaintiff's allegations as true.  Accordingly, this court recommends that

defendants' motion to dismiss plaintiff's First Amendment claim be denied.[6]

## IV.   **Fifth Amendment Claim**

The Fifth Amendment, made applicable to the states through the Fourteenth

Amendment, provides that "[n]o person . . . shall be compelled in any criminal case to

be a witness against himself."  U.S. CONST. amend. V.  However, a violation of this

right "occurs only if one has been compelled to be a witness against himself in a

criminal case."  *Chavez v. Martinez*, 538 U.S. 760, 770 (2003); *see also Higazy v.*

*Templeton*, 505 F.3d 161, 171 (2d Cir. 2006).  Plaintiff is civilly confined, and has

made no allegation that the information in his autobiography, sexual history, or

information that would be gained from the polygraph and/or PPG examination is

currently being used in a criminal case.[7]  Any claim that this information might be

used against him in the future in a criminal proceeding is not now ripe for

---

[6] As noted below, this court will recommend that the plaintiff's First Amendment claim
for damages be dismissed based on qualified immunity, leaving only the First Amendment cause
of action for injunctive relief.

[7] If any of this information were used in a future criminal proceeding against him,
plaintiff could still challenge the use of the information.

adjudication.  *Longway v. Jefferson County Bd. of Supervisors*, 24 F.3d 397, 500 (2d Cir. 1994).

The Second Circuit has held that answering questions during a polygraph examination about past offenses and "with respect to any criminal prosecution unrelated to the conviction" does not waive a defendant's right against self-incrimination under the Fifth Amendment; the defendant can still challenge the polygraph examination results in court on Fifth Amendment grounds if it were to be used in a criminal proceeding.  *United States v. Johnson*, 446 F.3d 272, 275, 280 (2d Cir. 2006).  The court also explained that polygraph examinations are reasonably related to promoting the sentencing goals of balancing supervised release conditions against restraint of individual liberty, and served to further sex offender treatment.  *Id*. at 277.

Furthermore, the use of a PPG examination does not implicate plaintiff's right against self-incrimination under the Fifth Amendment because the results of the test are not "testimonial."  Rather, the test provides an "assessment of an individual's physical reactions to various stimuli."  *Decker v. Hogan*, No. 09-CV-0239, 2009 U.S. Dist. LEXIS 89048, at *21 (citations omitted), 2009 WL 3165830 (N.D.N.Y. Sept. 28, 2009).  This court also notes that courts often find that PPG examination results inadmissible as evidence.  *Id*.  (citations omitted).

Use of the polygraph, PPG, autobiography, and/or sexual history as part of the SOTP do not implicate plaintiff's right against self-incrimination and do not violate the Fifth Amendment because they are not being used against him in a criminal case.

*See McChesney v. Hogan*, 9:08-CV-1186/6:08-CV-1290, 2010 U.S. Dist. LEXIS

25705, at *27-31, 2010 WL 1027443 (N.D.N.Y. March 18, 2010) (Report

Recommendation of Peebles, USMJ), *accepted and adopted by* 2010 U.S. Dist.

LEXIS 257171, 2010 WL 1037957 (N.D.N.Y. Mar. 18, 2010) (Mordue, CJ).[8]

Therefore, plaintiff has failed to state a claim upon which relief can be granted, and

this court recommends that defendants' motion to dismiss be granted as to his Fifth

Amendment claims.

## V.    Qualified Immunity

Defendants argue that they are entitled to qualified immunity from plaintiff's

claim for money damages.  Because the court is recommending denial of the

defendants' motion to dismiss plaintiff's First Amendment claim, the court will

proceed to discuss defendants' argument.[9]

Qualified immunity protects government officials performing discretionary

functions in the course of their employment where "their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person

would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A government

actor is entitled to qualified immunity "if either (a) the defendant's action did not

violate clearly established law, or (b) it was objectively reasonable for the defendant

to believe that his action did not violate such law." *Johnson v. Newburgh Enlarged*

---

[8] *McChesney* granted a motion to dismiss a Fifth Amendment claim relating to the SOTP program that was substantially similar to the one asserted in this case.

[9] Because the court has determined that there is no Fifth Amendment violation, the court need not discuss qualified immunity with respect to plaintiff's Fifth Amendment claims.

*Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001) (internal quotation marks omitted).

In *Decker*, Senior Judge McAvoy denied defendants the protection of qualified immunity in the context of a motion to dismiss a First Amendment cause of action very similar to the claim alleged in the instant action. He observed that the "objective reasonableness" of defendants' actions sometimes depends on factual issues about what they knew about plaintiff's complaints, making a determination of qualified immunity on the pleadings alone premature. *Decker*, 2009 U.S. Dist. LEXIS 89048 at *22–23.  Judge McAvoy denied the motion to dismiss without prejudice, noting that a factual basis for affording defendants qualified immunity could arise during discovery. *Id.* at *22–24.

In determining whether defendants involved in the SOTP program are entitled to qualified immunity, this court would focus, not on the "objective reasonableness" prong of the analysis as Judge McAvoy appeared to do in *Decker*, but on whether ". . . plaintiff's constitutional rights were not clearly established at the time he alleges his rights were violated." *Pratt v. Hogan*, 631 F. Supp. 2d 192, 198 (N.D.N.Y. 2009) (Hurd, J.) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818).  When deciding if a constitutional right was "clearly established at the relevant time," a court should consider

> (1) whether the right in question was defined with "reasonable
> specificity"; (2) whether the decisional law of the Supreme Court and the
> applicable circuit court support the existence of the right in question;
> and, (3) whether under pre-existing law a reasonable defendant official
> would have understood that his or her acts were unlawful.

*African Trade & Information Center, Inc., v. Abromaitis*, 294 F.3d 355, 360 (2d Cir. 2002); *see also Charles W. v. Maul*, 214 F.3d 350, 360 (2d Cir. 2000).  This court concludes, as have several other judges in this district, that the law remains unclear as to whether the use of treatment materials and modalities peripherally related to religious principles violates the constitutional rights of those individuals treated in the SOTP.  *Pratt v. Hogan*, 631 F. Supp. 2d at 198; *McChesney v. Hogan*, U.S. Dist. LEXIS 25705, at *37–38.

A review of the case law on this issue shows that with respect to treatment programs requiring an inmate to participate in Alcoholics Anonymous methodology, the law was well-settled as early as 1996, that compelled participation could rise to the level of a First Amendment.  *See generally Cox v. Miller*, 296 F.3d 89, 108 (2d Cir. 2002) (citing *inter alia Griffin v. Coughlin*, 88 N.Y.2d 674, 692 (holding that "a mandatory, exclusive ASAT addiction treatment program . . . incorporating the A.A. Twelve Steps methodology, credo, and meeting practices, violates the Establishment Clause") (1996)).  The difference between the A.A. programs in the above-cited cases and the program at issue in this case is that the A.A. programs "placed heavy emphasis on spirituality and prayer," requiring participants to pray to God to overcome their alcohol problems.  *Pratt*, 631 F. Supp. 2d at 198 (citing *Warner v. Orange County Dep't of Prob.*, 115 F.3d 1068, 1075 (2d Cir. 1997)).

As Judge Hurd observed in *Pratt*, a case containing claims identical to the case

herein, it "remains unclear whether the 'Good Lives Model and Boundaries Program'

and DBT have non-secular purposes and if the primary purpose of the programs are to

promote or prohibit religions." As Magistrate Judge Peebles concluded in a Report

Recommendation adopted by Chief District Judge Mordue, " . . . the law is anything

but clear on the question of whether compelled use by officials at the CNYPC of

treatment materials peripherally based upon religious principles violates the rights of

patients involuntarily committed and subjected to the program." *McChesney v.*

*Hogan*, U.S. Dist. LEXIS 25705, at \*37–38 (citing *Pratt*, 631 F. Supp. 2d at 198).

This court agrees that, because the law on this issue is unsettled, it will recommend

that defendants be afforded qualified immunity from damages for any First

Amendment violation.  Plaintiff's claim for injunctive relief against the defendants in

their official capacity, however, may proceed.

> **WHEREFORE**, based on the findings above, it is

> **RECOMMENDED**, that defendants' motion to dismiss pursuant to FED. R.

CIV. P. 12(b)(6) (Dkt. No. 15) be **GRANTED IN PART AND DENIED IN PART**,

and it is further

> **RECOMMENDED,** and that all plaintiff's claims, with the exception of his

First Amendment cause of action seeking injunctive relief against the defendants in

their official capacity, be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 30, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge